UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA LABOR AND WORKFORCE DEVELOPMENT AGENCY; et al.,<br><br>Defendants. | No. 2:16-cv-01660-KJM-AC<br><br>ORDER |

This case comes before the court on defendants' motion to dismiss the suit brought by Pacific Gas & Electric Company ("PG&E") for injunctive and declaratory relief regarding a labor dispute. (ECF No. 7.) PG&E opposes. (ECF No. 9.) The court held a hearing on November 18, 2016, at which Joshua Kienitz appeared for PG&E and William Reich appeared for defendants. For reasons explained below, the court GRANTS defendants' motion to dismiss, with leave to amend.

I.   BACKGROUND

On March 28, 2007, the security officers' union filed a grievance against PG&E, alleging PG&E had failed to compensate the officers for their meal break time as required by their collective bargaining agreement (CBA). (Ex. C-3, PGE0066, Compl., ECF No. 1-1.) On

1    February 3, 2010, while the arbitration of this grievance was pending, several PG&E security
2    officers filed claims with the California Labor Commission, seeking the supplemental premium
3    compensation that is mandated by California Labor Code section 226.7, which is applicable when
4    workers are not provided 30 minute duty-free meal breaks.  (Exs. J-1 to J-10, Compl., ECF No. 1-
5    2.)  Both the 2007 grievance and the 2010 claims concern meal breaks over the same time period.
6    (Compl. ¶ 14.)  The Labor Commission decided to defer processing the supplemental premium
7    compensation claims until after resolution of the arbitration proceedings.  (Compl. ¶ 21.)
8            On August 10, 2010, the arbitrator found PG&E had failed to compensate the
9    security officers for their meal breaks as provided by their CBA.  (Ex. C-3, PGE0086.)  The
10   arbitrator retained jurisdiction to determine the proper calculation of the compensation award if
11   PG&E and the union were unable to resolve the matter independently.  (*Id.*)
12           On July 26, 2011, after PG&E and the union were unable to reach an agreement,
13   the matter returned to the arbitrator.  (Ex. C-2, PGE0051.)  The arbitrator awarded the security
14   officers compensation for their meal break time as required by their CBA, but did not decide
15   whether the security officers are entitled to supplemental premium compensation under California
16   Labor Code section 226.7.  (*Id.* at PGE0061–63.)  The District Court for the Northern District of
17   California confirmed the arbitrator's award.  (Compl. ¶ 12.)
18           On January 15, 2013, the California Labor Commission served PG&E with a
19   Notice of Claim Filed for the security officers' supplemental premium compensation under
20   California Labor Code section 226.7.  (Compl. ¶ 14; *see also id.* Exs. B-1 to B-176, K-1 to K-10.)
21   Between February 2013 and June 2016, PG&E and staff at the Labor Commission engaged in
22   numerous discussions regarding this matter.  (*See, e.g.*, Exs. C–F, I, O, Compl. ¶¶ 25–26.)
23           On July 19, 2016, PG&E filed its complaint in this court seeking declaratory and
24   injunctive relief, alleging defendants' claims on behalf of the security officers for supplemental
25   premium compensation (1) are pre-empted by section 301 of the Labor Management Relations
26   Act ("LMRA") (Compl. ¶ 74, 82); (2) violated PG&E's right to procedural due process under the
27   Fourteenth Amendment to the U.S. Constitution and Article I, section 7(a) of the California
28

Constitution (Compl. ¶¶ 71, 79); and (3) violate various substantive rights established by state law (*see* Compl. ¶¶ 28–35, 72–73, 80–81).

On September 8, 2016, defendants filed a motion to dismiss, contending the court lacks subject matter jurisdiction and the due process claim is not ripe. (Defs.' Mot. to Dismiss ("MTD"), ECF No. 7.) PG&E opposes defendants' motion (Pl.'s Opp'n, ECF No. 9), and defendants have replied (Defs.' Reply, ECF No. 12).

For the following reasons, defendants' motion to dismiss is GRANTED.

II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside their jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377-78 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte.* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1983). A Rule 12(b)(1) jurisdictional attack may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack such as this one, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

III.    DISCUSSION

PG&E claims this court has jurisdiction based on the existence of a federal question. (Compl. ¶ 8.) Two of PG&E's claims for relief are premised on federal law, and the remaining claims are premised on state law. The federal claims are (1) section 301 of the LMRA pre-empts the security officers' claims, and (2) defendants have violated PG&E's right to procedural due process as guaranteed by the Fourteenth Amendment of the United States Constitution. The court analyzes each of these claims in turn.

A.      LMRA Pre-emption

Section 301 of the LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties."

29 U.S.C. § 185(a). The Supreme Court has clarified that section 301 should be understood "as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). "The Court [has] held that this federal common law pre-empts the use of state contract law in [collective bargaining agreement] interpretation and enforcement." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (citing *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962)).

However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by section 301 or other provisions of the federal labor law." *Allis-Chalmers Corp.*, 471 U.S. at 211. A claim based upon rights independently conferred by state law is not pre-empted by section 301, even if the same facts could provide the basis for a separate claim under the CBA. In other words, "even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10 (1988). To analyze when state law claims are pre-empted by section 301, the Ninth Circuit has developed a two-step inquiry:

> First, a court must determine whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a collective bargaining agreement. If the right exists solely as a result of the collective bargaining agreement, then the claim is pre-empted, and the analysis ends there. If the court determines that the right underlying the plaintiff's state law claim(s) exists independently of the collective bargaining agreement, it moves to the second step, asking whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement. Where there is such substantial dependence, the state law claim is pre-empted by § 301. If there is not, then the claim can proceed under state law.

*Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032–33 (9th Cir. 2016) (alterations, quotations, and citations omitted). *Kobold's* two steps are analyzed below.

4

1. Source of Claimed Right

The security officers' claims for supplemental premium compensation in this case are premised on California Labor Code section 226.7. Section 226.7 states, in relevant part:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Cal. Lab. Code section 226.7(c). Under California law, for a meal break to be lawful, the employer must relieve the employee "of all duties for an uninterrupted 30 minutes." *Alberts v. Aurora Behavioral Health Care*, 241 Cal. App. 4th 388, 400 (Cal. Ct. App. 2015); *accord Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1035 (2012). However, "section 226.7 does not give employers a lawful choice between providing *either* meal and rest breaks *or* an additional hour of pay," and an employer's voluntary payment of an additional hour of pay does not excuse a meal-period violation. *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1256 (2012) (emphases in original).

In this case, the security officers' claims "exist[] independently of the collective bargaining agreement." *See Kobold*, 832 F.3d at 1032–33. For the security officers to recover the supplemental premium compensation provided by California Labor Code section 226.7(c), they need to show that PG&E did not provide the required meal periods. They can demonstrate as much by showing that PG&E failed to relieve them of all duties for an uninterrupted 30 minutes, and the employer did not pay the additional premium prescribed by state law on the workdays when the employee was denied the lawful meal periods. *See generally Finder v. Leprino Foods Co.*, 2016 WL 3774269, at *2 (E.D. Cal. Jan. 8, 2016) (observing employees may recover under section 226.7(c) when they show they were denied a 30 minute meal break and did not receive supplemental premium compensation); *Freeman v. Zillow, Inc.*, 2015 WL 5179511, at *5 (C.D. Cal. Mar. 19, 2015) (same). The security officers' claims therefore are not pre-empted under the first step described in *Kobold*.

### 2. Right Substantially Dependent on Analysis of CBA?

As to the second *Kobold* step, PG&E alleges the CBA contains provisions "which must be interpreted to resolve" the officers' claims for supplemental premium compensation. (Compl. ¶ 55.) The examples PG&E provides, however, do not support its assertion. For instance, section 15.3(a) of the CBA, which states that "[e]mployees shall be entitled to a meal period of 30 minutes for each work period of five hours," merely tracks the state law. *Compare* Compl. ¶ 60, *with Brinker Rest. Corp.*, 53 Cal. 4th at 1034 ("No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . ."). Paragraphs 57 to 59 of PG&E's complaint similarly quote provisions of the CBA that are not in dispute. *See Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007) ("When the parties do not dispute the meaning of contract terms, the fact that a [collective bargaining agreement] will be consulted in the course of state law litigation does not require preemption."); *see also Peron v. The Vons Companies, Inc.*, 2016 WL 5444748, at *3 (S.D. Cal. Sept. 29, 2016) (finding no § 301 pre-emption when "[t]he resolution of the factual issues presented by Plaintiff [did] not require interpretation of the CBA"). Therefore, the court need not interpret provisions of the CBA to determine if the security officers were relieved of all their duties during their scheduled meal periods. Nor does the court need to look to the CBA to determine whether PG&E paid the officers the supplemental premium compensation provided by Labor Code section 226.7.

PG&E has not shown that section 301 of the LMRA pre-empts the security officers' claims.

### B. Due Process

PG&E's opposition addresses ripeness in connection with its section 301 pre-emption claim. (*See* Pl.'s Opp'n at 7–12.) However, defendants have not argued that claim is unripe. (*See* Defs.' Reply at 2.) Instead, defendants argue PG&E's due process claim, not PG&E's section 301 pre-emption claim, fails because "the claim is not ripe for adjudication." (Defs.' Mot. at 10.) Insofar as PG&E does address the ripeness of its due process claim, it argues "the Labor Commissioner [sic] [has] unequivocally indicated its intent to move forward with the

6

hearing that PG&E contends is barred by law" and "the factual record appears close to fully developed." (Pl.'s Opp'n at 11.)

Because federal courts have no jurisdiction where there is no case or controversy, a claim must be ripe before litigation begins in federal court. *See, e.g.*, *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003). The ripeness doctrine is intended "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Grason Elec. Co. v. N.L.R.B.*, 951 F.2d 1100, 1102 (9th Cir. 1991) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967)). To determine whether an administrative action is ripe for judicial review, the court must "evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hosp. Ass'n*, 538 U.S. at 808. "Under the ripeness doctrine, an agency must have taken 'final' action before judicial review is appropriate." *Mt. Adams Veneer Co. v. United States*, 896 F.2d 339, 343 (9th Cir. 1989).

In this case, there has been no final agency action, as none of the security officers' claims has yet proceeded to a hearing. (*See, e.g.*, Compl. ¶¶ 32, 35, 76.) The agency may review PG&E's arguments and decide not to award the security officers supplemental premium compensation, indicating that PG&E's claim is not fit for a judicial decision at this time. *See Winter v. Cal. Med. Review, Inc.*, 900 F.2d 1322, 1325 (9th Cir. 1989) (finding plaintiff's claims unripe when agency's "preliminary finding" was not its "final administrative word," meaning agency could decide not to recommend sanctions). Additionally, PG&E has not alleged any more than pecuniary harm, and a showing of hardship requires "more than possible financial loss." *Id.*

Accordingly, PG&E's due process claim is not ripe for review.

/////

/////

7

IV. SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

A. Legal Standard

This court's jurisdiction over this case is based on PG&E's section 301 of the LMRA pre-emption claim and its procedural due process claim under the Fourteenth Amendment, while the state law claims were brought in reliance on the court's supplemental jurisdiction under 28 U.S.C. § 1367.  Generally, "a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997); *see also Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." (citation omitted)).  One circumstance in which a district court may "decline to exercise supplemental jurisdiction over a [state law] claim" is when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  That decision, however, is informed by consideration of judicial economy, convenience, fairness, and comity factors.  *See Acri*, 114 F.3d at 1001.  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 364 n.7 (1988).

B. Analysis

Here, the court has dismissed PG&E's two federal claims, so the decision to keep the remaining state law claims lies within the district court's discretion under § 1367(c).  In the usual case in which all federal claims are dismissed before trial, the state claims should be dismissed as well.  *See Carnegie-Mellon Univ.*, 484 U.S. at 364 n.7.  Having considered the relevant factors, the court is not persuaded this is one of the unusual cases in which the court should retain jurisdiction over the remaining state law claims.  The court has not expended substantial judicial resources familiarizing itself with the case, and has not issued any orders going to the merits.  The only motion the parties have filed is the pending motion to dismiss.  As

8

a general rule, the court has an interest in avoiding needless adjudication of state law claims. Accordingly, the court does not reach the merits of the pending motions insofar as they relate to PG&E's state law claims.

V.     CONCLUSION

Given the court's conclusions above, there currently is no justiciable claim supporting the court's exercise of jurisdiction in the first instance.  The court declines to maintain supplemental jurisdiction over PG&E's state law claims.  PG&E's complaint is DISMISSED without prejudice to refiling of a federal due process claim once ripe and refiling of the state law claims in state court.

IT IS SO ORDERED.

DATED: March 24, 2017.

_____
UNITED STATES DISTRICT JUDGE